Joseph **MASON** and Kimberly **Mason, Plaintiffs,**

v.

**COUNTY OF DELAWARE SHERIFF'S DEPARTMENT, Village of Walton Police Department, and Village of Walton Board of Water Supply Police Department, Defendants.**

No. 93–CV–486.

United States District Court, N.D. New York.

Aug. 18, 1993.

Applebaum, Eisenberg, Bauman & Applebaum, Liberty, NY (Bertram W. Eisenberg, Michael Frey, of counsel), for plaintiffs.

William K. Maney, Johnson City, NY (William K. Maney, of counsel), for Village of Walton Police Dept.

Coughlin & Gerhart, Binghamton, NY (Frank W. Miller, of counsel), for Delaware Co. Sheriff's Dept.

O. Peter Sherwood, Corp. Counsel, New York City, pro hac vice (Judith C. McCarthy, of counsel), for N.Y.C. Dept. of Envt'l Protection.

## DECISION and ORDER

McAVOY, Chief Judge.

Plaintiffs Joseph and Kimberly Mason commenced this action under 42 U.S.C. § 1983 on April 15, 1993. The suit is brought against three named defendants—the County of Delaware Sheriff's Department ("Delaware Sheriff"), the Village of Walton Police Department ("Walton Police"), and the Village of Walton Board of Water Supply Police Department.

Plaintiffs allege that on July 1, 1992 at approximately 10:00 P.M., the Delaware Sheriff and the Walton Police executed a facially defective search warrant at their residence located at *158 East 5th Street* in Walton, New York (Compl. ¶ VIII). Plaintiffs contend that the subject warrant was defective since it authorized police to search not plaintiffs' residence, but the premises of Peter Mason (the brother of plaintiff Joseph Mason) located at *80 East Street* in Walton, New York (Compl. ¶ VII; Def.Exh. "B"). Plaintiffs impliedly assert that their Fourth and Fourteenth Amendments rights have been violated, and they seek $1,000,000.00 for humiliation and emotional distress (Compl. ¶ XVII).

Defendant Delaware Sheriff has moved for dismissal of the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted or, alternatively, for summary judgment pursuant to Rule 56. In addressing the Rule 12(b)(6) motion, the Delaware Sheriff avers that plaintiffs cannot state a claim because the subject warrant was validly issued and executed. While conceding that the warrant may have contained a "technical" error by stating the wrong house number, the Delaware Sheriff argues that such error is "harmless" and that, in any event, there were additional circumstances which guaranteed that the proper premises would be searched. The Walton Police have joined in the summary judgment motion asserting that they merely acted as back up to the Delaware Sheriff, did not execute the warrant, did not enter the subject property, did not have any dealings with plaintiffs, and are not specifically mentioned in the complaint.

The New York City Department of Environmental Protection ("DEP"), not specifically named as a defendant, has also moved for dismissal under Rule 12(b)(6). Their counsel, Judith McCarthy, Esq., requests admission *pro hac vice* for purposes of the motion. The DEP asserts that although the "Village of Walton Board of Water Supply Police Department" is a nonexistent entity, plaintiffs served a summons on the DEP and underlined in red: "Village of Walton Board of Water Supply Police Department." Under the underlined portion is the following handwritten language: "By the Dept of Environmental Protection. 59–17 Junction Blvd., Corona, NY, 19th Fl.". Moreover, the complaint, as well as the proposed amended complaint submitted by plaintiffs, are devoid of allegations against either the DEP or the "Village of Walton Board of Water Supply Police Department." Indeed, plaintiffs have failed to respond to the current dismissal motion brought by the DEP.

Because plaintiffs do not name the DEP in the caption or body of the complaint, and the complaint is entirely devoid of factual allegations against either the DEP or the "Village of Walton Board of Water Supply Police Department," the complaint fails to meet even the minimal notice pleading requirements of Fed.R.Civ.P. 8(a). Accordingly, dismissal of the complaint is appropriate as to these defendants.

Finally, plaintiffs have submitted an untimely cross-motion, *see* L.R. 10(e) and 10(h) seeking to amend their complaint to add as individual defendants three law enforcement officers who allegedly participated in the execution of the subject warrant.

 While resolution of the various factual contentions may be dispositive of the action, the supplemental materials submitted by the parties cannot be considered on this Rule 12(b)(6) motion, as such averments represent matter outside the complaint. The general rule is that if matters outside the pleadings are presented in support of a Rule 12(b)(6) motion, and are not excluded by the court, the motion must be treated as one for summary judgment and disposed of under Rule 56. *See Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991) (district court must limit itself to facts stated in the complaint, attached as exhibits or incorporated by reference, and may also consider matters as to which the court can take judicial notice); *see also Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) (same). In such cases, Rule 12(b) provides that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b) (Moore 1993); *Davis v. Bryan*, 810 F.2d 42, 45 (2d Cir. 1987).

Based on the foregoing, it is hereby

**ORDERED,** that the motion of Judith C. McCarthy, attorney of record for the Department of Environmental Protection, to appear *pro hac vice* for purposes of this action is **granted;** and it is further

**ORDERED,** that pursuant to Fed.R.Civ.P. 12(b)(6), the complaint is **dismissed without prejudice** as to the Department of Environmental Protection and defendant "Village of Walton Board of Water Supply Police Department"; and it is further

**ORDERED,** that pursuant to Fed.R.Civ.P. 12(b), the court shall treat the defendants' remaining motions as ones for summary judgment under Fed.R.Civ.P. 56. The matter is rescheduled for the October 22, 1993 Binghamton motion calendar, at which time the court shall decide the pending summary judgment motions as well as plaintiffs' cross-motion under Fed.R.Civ.P. 15; and it is further

**ORDERED,** that in order to avoid unnecessary expense, discovery shall be strictly limited to those issues *raised in (or pertinent to) defendants' Rule 12(b)(6) motions* and which are reasonably necessary to a determination of the motions which the court now treats under Rule 56; and it is further

**ORDERED,** that the remaining parties shall submit further legal briefing, supporting affidavits, and statements in accordance with L.R. 10(j), as if the motions and cross-motion had been originally noticed for October 22, 1993.

**IT IS SO ORDERED.**