**Alfred ADAMS, Jr., Plaintiff,**

v.

**Chief of Security Operations, Ronald GALLETTA; New York City Department of Correction; O.S.U. Captain Joe Rodriguez, Shield # 195; Warden E. Heard, Bronx House of Detention; and Warden Lasser, Brooklyn House of Detention, Defendants.**

**No. 96 Civ. 3750 (JGK).**

United States District Court,
S.D. New York.

May 26, 1997.

Alfred Adams, Jr., East Elmhurst, NY, pro se.

Paul A. Crotty, Corporation Counsel of the City of New York by Etta Ibok, Assistant Corporation Counsel, New York City, for Defendants.

## OPINION AND ORDER

KOELTL, District Judge.

The plaintiff, Alfred Adams, Jr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 seeking compensatory damages for alleged violations of his civil rights while he was a pretrial detainee at the Brooklyn and Bronx Houses of Detention. The defendants now move pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted. For the reasons explained below, the defendants' motion is granted in part and denied in part.

## I.

On a motion to dismiss, the factual allegations of the complaint are to be accepted as true and all reasonable inferences are construed in the plaintiff's favor. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995); *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994). A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, (1957)). Where a *pro se* litigant is involved, although the same standards for dismissal apply, a court should give the *pro se* litigant special latitude in responding to a motion to dismiss. *See Knowles v. New York City Department of Corrections*, 904 F.Supp. 217, 219 (S.D.N.Y.1995); *Andujar v. McClellan*, No. 95 Civ. 3059, 1996 WL 601522, at *1 (S.D.N.Y. Oct.21, 1996). Accordingly, the following facts are accepted as true for purposes of this motion.

On November 24, 1995, the plaintiff was placed in Maximum Security at the Brooklyn House of Detention under a Central Monitor Case classification based upon a U.S. Marshal detainer that indicated he was an escape risk. At the time of the plaintiff's confinement in Maximum Security, the New York City Department of Correction ("Department of Correction") had been informed that there were no longer charges or a detainer from the U.S. Marshal against the plaintiff. On February 15, 1996, the plaintiff was transferred to the Bronx House of Detention and placed in Maximum Security. On March 15, 1996, Officer Diaz # 3838 at the Brooklyn House of Detention showed the plaintiff a letter from the U.S. Marshal that indicated that there was no longer a detainer against the plaintiff.

The plaintiff alleges that "each of the defendants violated plaintiff rights, in placing plaintiff in Maximum Security (C.M.C.) Central Monitor Case by using the pretext (pretense) that plaintiff has a U.S. Marshal detainer, which indicates plaintiff is an escape risk. Plaintiff has no charge of escape, nor an escape conviction."

## II.

■ Defendant Department of Correction argues that the complaint should be dismissed against it because it is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17 § 396. Thus where a plaintiff has named the Department of Corrections as a defendant, he has sued a non-suable entity. *See Campbell v. Department of Correction of New York City,* No. 95 Civ. 3242, 1996 WL 79869, at *1 (S.D.N.Y. Feb.26, 1996); *see also East Coast Novelty Co. v. City of New York,* 781 F.Supp. 999, 1010 (S.D.N.Y.1992); *Wilson v. City of New York,* 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992); *Martin v. City of New York,* 627 F.Supp. 892, 894 n. 2 (E.D.N.Y.1985).

Accordingly, the complaint is dismissed against defendant New York City Department of Correction. The dismissal is without prejudice to the ability of the plaintiff to sue a proper defendant if he can make the necessary allegations to show such liability.[1]

## III.

■ Defendants Warden Heard and Warden Lasser argue that the complaint should be dismissed against them because there are no allegations that they were personally involved in the alleged constitutional violations. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith,* 21 F.3d 496, 501

(2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)). Personal involvement for purposes of a § 1983 action means "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996); *see also Wright,* 21 F.3d at 501; *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986). A complaint is fatally defective on its face if it fails to allege that the defendants were directly and personally responsible for the purported unlawful conduct. *See Rosa R. v. Connelly,* 889 F.2d 435, 437 (2d Cir.1989), *cert. denied,* 496 U.S. 941, 110 S.Ct. 3225, 110 L.Ed.2d 671 (1990); *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 886 (2d Cir.1987); *Smiley v. Davis,* No. 87 CIV. 6047, 1988 WL 78306, at *2 (S.D.N.Y. July 14, 1988).

■ In this case, although the plaintiff makes various allegations on this motion, in his complaint, the plaintiff alleges only that Warden Heard is responsible for the overall operation of the Bronx House of Detention, and that Warden Lasser is responsible for the overall operation of the Brooklyn House of Detention. The complaint is therefore fatally defective on its face with respect to claims against defendants Warden Heard and Warden Lasser.

Accordingly, the complaint is dismissed against defendant Warden Heard and Warden Lasser without prejudice to the filing of an amended complaint.

## IV.

Defendants Galletta and Rodriguez argue that the complaint should be dismissed against them because the constitutional right alleged to have been violated by them is not actionable under § 1983. The plaintiff alleges that defendant Galletta was "responsible for the plaintiff being placed in Maximum Security as a Central Monitor Case" and that defendant Rodriguez was "responsible for

---

1. Even if the complaint were construed as a complaint against the City of New York, the plaintiff has failed to make the necessary allega-

tions for municipal liability. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978).

conducting due process hearing to determine whether there [was] substantial reason for plaintiff to remain in Maximum Security (C.M.C.)." Construing the complaint most favorably to the plaintiff, he has attempted to allege that he was deprived of liberty without procedural due process by state agents in violation of his constitutional rights and that this deprivation is actionable under 42 U.S.C. § 1983.

The defendants argue that the complaint should be dismissed against them because no § 1983 action can lie for a prisoner's alleged procedural due process violation because there is a state law remedy. Where a plaintiff asserts a claim based on random, unauthorized acts by state employees, "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir.1996); *see also Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 3202–04, 82 L.Ed.2d 393 (1984); *Zinermon v. Burch*, 494 U.S. 113, 132, 110 S.Ct. 975, 986–87, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986). But "although the denial of due process may have been 'unauthorized', the deprivation of liberty at issue here does not appear to have been 'unauthorized' as that term is mean by *Parratt*." *Patterson v. Coughlin*, 761 F.2d 886, 892 (2d Cir.1985), *cert. denied*, 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). In *Patterson v. Coughlin*, the Court of Appeals for the Second Circuit explained:

> What does matter ... is whether the conduct of the state's agent that resulted in the deprivation was such as to make the injury unforeseeable when viewed from the position of one who possesses the state-delegated authority to grant a hearing

when circumstances and the Constitution so require. It is at least a question of fact whether the decision to place appellant in the SHU was made by "officials with final authority" over that decision. Unlike the deprivation of property that occurred in *Parratt*, here the responsible state officials who had the power to grant appellant a hearing obviously knew that appellant was in peril of being deprived of his liberty interest. In fact, he was given a hearing, albeit a deficient one. Thus, the deprivation of liberty was neither "random" nor "unauthorized".

*Id.* (citations omitted). Where a plaintiff asserts a claim based on a deprivation of liberty that occurs in the more structured environment of established state procedures, and it was not impossible or impracticable to provide adequate procedures prior to the deprivation, the availability of a postdeprivation remedy will not satisfy the requirements of due process. *See id.* at 893; *see also Hellenic Am. Neighborhood*, 101 F.3d at 880. Because the deprivation alleged in this case was allegedly neither random nor unauthorized and the defendants have not attempted to show that a predeprivation hearing was not possible or practicable, the availability of a postdeprivation state law remedy is not a sufficient basis to dismiss the complaint as a matter of law.[2]

Accordingly, the motion to dismiss the complaint against defendants Galletta and Rodriguez is denied.

### CONCLUSION

For the reasons explained above, the defendants' motion to dismiss the complaint against defendants New York City Department of Correction, Warden Heard, and Warden Lasser is **granted.** The defendants' motion to dismiss the complaint against defendants Galletta and Rodriguez is **denied.**

**SO ORDERED.**

---

2. The defendants have not argued that the plaintiff was not deprived of a liberty interest, nor have they argued that the hearing provided to the plaintiff was adequate for due process purposes.

Their motion is based solely on the existence of a postdeprivation state law remedy, a position foreclosed by *Patterson*.