**Walter BYAS, Plaintiff,**

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION; James B. Kane, Warden, A.M.K.C. C–95; Montefiore Medical Center (A.M.K.C.C–95); Dr. Flores, M.D.; Dr. Farmer, M.D.; John Doe # 1; Jane Doe # 1; John Doe # 2; Jane Doe # 2; et al., Defendants.**

No. 96 Civ. 8293 (JGK).

United States District Court,
S.D. New York.

July 1, 1997.

Walter Byas, East Elmhurst, NY, pro se.

Paul A. Crotty, Corporation Counsel of the City of New York, by Jeffrey Weiss, Assistant Corporation Counsel, New York City, for Defendants.

### OPINION AND ORDER

KOELTL, District Judge:

The plaintiff, Walter Byas, an inmate currently incarcerated at Sing Sing Correctional Facility, brings this pro se action pursuant to 42 U.S.C. § 1983 against the New York City Department of Correction ("Department of Correction"), James B. Kane, Warden of Anna M. Kross Center ("Kross Center"), Montefiore Medical Center ("Montefiore"), Dr. Flores and Dr. Farmer. The plaintiff alleges that he was denied adequate medical care and treatment in violation of the Eighth Amendment.

Defendant Department of Correction now moves to dismiss the plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The plaintiff cross moves to amend his complaint to allege that an official policy, custom or practice of the Department of Correction caused the plaintiff's injury, and to strike the first, third and fourth affirmative defenses raised in the answer of defendants Montefiore and Dr. Farmer. The plaintiff also filed a motion requesting leave to amend his complaint, pursuant to Fed.R.Civ.P. 15, to add M. Kishom, A. Hasan, J. Bernard, S. Headley and Dr. Dotsan as defendants in this action.

For the reasons explained below, defendant Department of Correction's motion to dismiss the complaint is granted. The plaintiff's motions to amend his complaint to allege that an official policy, custom or practice of the Department of Correction caused the plaintiff's injury and to add Dr. Kishom, Dr.

Hasan, Mr. Bernard, Dr. Headley and Dr. Dotsan as defendants in this action are denied without prejudice. Finally, the plaintiff's motion to amend his complaint to strike the first, third and fourth affirmative defenses raised in the answer of Montefiore and Dr. Farmer is denied.

### I.

The plaintiff alleges the following facts in his complaint. On November 22, 1993, the plaintiff, who was at the time incarcerated at the Kross Center, located in the Rikers Island Correctional Facility Complex, was taken to the Kross Center medical clinic ("Clinic") to be examined for a number of ailments, including the lack of feeling on the right side of his face, drooling and the loss of hearing in his right ear. (Compl.¶ IV(1).) Subsequently, the plaintiff was referred by Dr. Flores to a neurologist. (Compl.¶ IV(1).) However, the plaintiff did not receive a neurological examination. (Compl.¶ IV(1).)

On January 16, 1994, the plaintiff returned to the Clinic after complaining about the same ailments, yet he received no treatment. (Compl.¶ IV(3).) On January 18, 1994, the plaintiff was examined by Dr. Kishom at the Clinic, but again received no treatment. (Compl.¶ IV(4).) On the same day, the plaintiff was examined by a neurologist at the House of Detention for Men ("H.D.M.") hospital, who recommended to the Kross Center medical staff that the plaintiff receive a CAT scan and a mental health evaluation. (Compl.¶ IV(4).) On January 19, 1994, while at the Clinic, the plaintiff was again referred for a CAT scan. (Compl.¶ IV(5).) The plaintiff never received the CAT scan. (Compl.¶¶ IV(4) & IV(5).)

On January 21, 1994, the plaintiff was examined by defendant Dr. Farmer at the Clinic. (Compl.¶ IV(6).) On January 31, 1994, a medical staff member of the Clinic referred the plaintiff for a CAT scan and a neurological examination at H.D.M. (Compl.¶ IV(7).) The plaintiff never received a CAT scan but was examined by a neurologist. (Compl.¶ IV(7).) On both February 1, 1994 and February 10, 1994, the plaintiff underwent medical examinations at the Clinic.

(Compl.¶¶ IV(8), IV(9).) However, the plaintiff was subsequently transferred to the custody of the New York State Department of Correctional Services ("DOCS") without receiving the CAT scan and was returned to the Kross Center on March 15, 1994. (Compl.¶¶ IV(10), IV(11).)

On March 16, 1994, the plaintiff returned to the Clinic and was examined by Dr. Hasan, who referred the plaintiff to a neurologist for consultation. (Compl.¶ IV(12).) Yet, the plaintiff did not receive a neurological examination. (Compl.¶ IV(12).) On March 21, 1994, while at the Clinic, the plaintiff was examined by Physicians Assistant Bernard and was again referred to a neurologist for consultation. (Compl.¶ IV(13).) On March 29, 1994, and once again on April 8, 1994, the plaintiff was examined by Dr. Headley at the Clinic. (Compl.¶¶ IV(14), IV(15).) On April 28, 1994, the plaintiff returned to the Clinic and was again referred to a neurologist for consultation. (Compl.¶ IV(16).) On May 6, 1994, while at the Clinic, the plaintiff was examined by defendant Dr. Farmer, who referred him to a neurological examination, but the plaintiff never received such examination. (Compl.¶ IV(17).) On May 16, 1994, the plaintiff was transferred from the Kross Center to the H.D.M. (Compl.¶ IV(18).)

On May 18, 1994, the plaintiff was taken to the H.D.M. clinic and was examined by Dr. Dotsan, who referred the plaintiff to a neurologist for consultation. (Compl.¶ IV(19).) On May 23, 1994, the plaintiff was transferred from the H.D.M. to the C–73 Facility on Rikers Island. (Compl.¶ IV(20).) On May 25, 1994, a C–73 Facility medical staff member examined the plaintiff and referred him to a neurologist for consultation. (Compl.¶ IV(21).) On May 26, 1994, the plaintiff was once again examined in the C–73 clinic, and a consultation by an ear, nose and throat specialist was requested. (Compl.¶ IV(22).) On June 1, 1994, the plaintiff was transferred to the custody of DOCS without receiving a CAT scan. (Compl.¶ IV(23).)

The plaintiff was transported to Erie County Medical Center in Buffalo, New York, where he received a CAT scan which showed that he had sustained three strokes. (Compl.¶ IV(24).)

## II.

■ On a motion to dismiss, the factual allegations of the complaint are to be accepted as true and all reasonable inferences are construed in the plaintiff's favor. See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir.1995); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994); Adams v. Galletta, No. 96 Civ. 3750, 1997 WL 282234, at *1 (S.D.N.Y. May 27, 1997). A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); Adams, 1997 WL 282234, at *1. Where a pro se litigant is involved, although the same standards for dismissal apply, a court should give the pro se litigant special latitude in responding to a motion to dismiss. See Adams, 1997 WL 282234, at *1; Andujar v. McClellan, No. 95 Civ. 3059, 1996 WL 601522, at *1 (S.D.N.Y. Oct.21, 1996); Knowles v. New York City Dep't of Corrections, 904 F.Supp. 217, 219 (S.D.N.Y.1995). Accordingly, the above facts are accepted as true for purposes of this motion.

Defendant Department of Correction argues, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), that the claims against the Department of Correction should be dismissed because it is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17 § 396. Thus, because the plaintiff has named the Department of Correction as a defendant rather than the City of New York, he has sued a non-suable entity. See Adams, 1997 WL 282234, at *1; Williams v. New York City Police Dep't, 930 F.Supp. 49, 53 (S.D.N.Y.1996); Campbell v. Department of Correction of New York City, No. 95 Civ.

3242, 1996 WL 79869, at *1 (S.D.N.Y. Feb.26, 1996); *East Coast Novelty Co. v. City of New York,* 781 F.Supp. 999, 1010 (S.D.N.Y.1992).

Even construing the complaint as an action against the City of New York, the plaintiff must establish that his constitutional rights were violated and that the constitutional violation resulted from an identified policy, custom, or practice of the municipality. *See Monell v. Department of Soc. Serv.* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). In this action, the plaintiff has neither identified a specific municipal policy, custom or practice that was inadequate, nor alleged how that policy, custom or practice caused the alleged constitutional violation. *See id.*

Accordingly, because the plaintiff has failed to allege municipal liability, the claims against the Department of Correction are dismissed. The dismissal is without prejudice to the plaintiff's ability to sue a proper defendant if he can make the necessary allegations to show such liability.

### III.

■ The plaintiff seeks leave to amend his complaint to show that an official policy, custom or practice of the Department of Correction caused his injury and to add Dr. Kishom, Dr. Hasan, Mr. Bernard, Dr. Headley and Dr. Dotsan as defendants in this action. The defendants argue that the plaintiff's motion to amend his complaint to show that an official policy, custom or practice of the Department of Correction caused his injury should be denied as futile because the plaintiff has not made the necessary allegations to show municipal liability. The defendants also argue that the plaintiff's motion to add Dr. Kishom, Dr. Hasan, Mr. Bernard, Dr. Headley and Dr. Dotsan should also be denied as futile, because the claims against the first four proposed defendants are time-barred. Alternatively, the defendants argue that the plaintiff's request for leave to amend his complaint should be denied because the plaintiff's claim against all five proposed defendants cannot withstand a motion to dismiss.

Although Fed.R.Civ.P. 15(a) provides that leave to amend a pleading shall be "freely given when justice so requires," *see Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Nerney v. Valente & Sons Repair Shop,* 66 F.3d 25, 28 (2d Cir. 1995); *see also Harris v. Security Co.,* No. 94 Civ. 2599, 1996 WL 556927, at *4 (S.D.N.Y., Oct.1, 1996); *Yaba v. Cadwalader, Wickersham & Taft,* 931 F.Supp. 271, 274 (S.D.N.Y. 1996), the plaintiff has not submitted a proposed amended complaint for either motion. Therefore, this Court cannot determine whether such amendments would be futile or would survive a motion to dismiss. The alleged custom and practice is referred to in only the most general terms in the plaintiff's papers. The plaintiff has failed to make the specific claims against the potential defendants that could be judged against a statute of limitations defense and the exceptions to such a defense. Accordingly, the plaintiff's motions to amend are denied without prejudice to the plaintiff's ability to file within thirty (30) days of this order a motion for leave to file an amended complaint attaching the proposed amended complaint. The defendants may then, if they so choose, oppose the motion on grounds of futility.

### IV.

The plaintiff cross moves to strike the first, third and fourth defenses raised in the answer of defendants Montefiore and Dr. Farmer. The defendants' first affirmative defense is that the complaint fails to state a claim upon which relief can be granted. (Answer ¶ 31.) The third affirmative defense asserts that defendant Dr. Farmer is immune from suit under the doctrine of qualified immunity. (Answer ¶ 33.) The fourth affirmative defense raises the defense of contributory negligence. (Answer ¶ 33.)

■ Fed.R.Civ.P. 12(f) allows the Court to "order stricken from any pleading any insufficient defense." Fed.R.Civ.P. 12(f). Motions to strike defenses are not generally favored. *See Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986); *SEC v. Thrasher,* No. 92 Civ. 6987, 1995 WL 456402, at *4 (S.D.N.Y. Aug. 2, 1995). In order to prevail on a motion to strike, a plaintiff must show that there is no question of fact which might

allow the defense to succeed, that there is no question of law which might allow the defense to succeed, and that the plaintiff would be prejudiced by inclusion of the defense. *See Salcer,* 744 F.2d 935, 939 (2d Cir.1984); *Thrasher,* 1995 WL 456402, at *4; *SEC v. Toomey,* 866 F.Supp. 719, 722 (S.D.N.Y. 1992). Motions to strike are disfavored and parties should be afforded the opportunity to support their contentions in more depth at trial. *See Thrasher,* 1995 WL 456402, at *4; *Gorwin v. Local 282, I.B.T.,* 838 F.Supp. 116, 118 (S.D.N.Y.1993); *Ciminelli v. Cablevision,* 583 F.Supp. 158, 162 (E.D.N.Y.1984); *Wohl v. Blair & Co.,* 50 F.R.D. 89, 91 (S.D.N.Y. 1970).

In his motion to strike affirmative defenses, the plaintiff has failed to show that there is no question of fact which might allow any of the defenses to succeed, that there is no question of law which might allow the defenses to succeed, and that the plaintiff would be prejudiced by the inclusion any of the defenses. *See Thrasher,* 1995 WL 456402 at *4. In fact, the plaintiff has not provided any basis for striking the affirmative defenses. Accordingly, the plaintiff's cross motion to strike the defendants' first, third and fourth affirmative defenses is denied.

### CONCLUSION

For the reasons stated above, (1) the defendants' motion to dismiss the complaint against the Department of Correction is granted; (2) the plaintiff's motions to amend his complaint to show that an official policy, custom or practice of the Department of Correction caused the plaintiff's injury and to add Dr. Kishom, Dr. Hasan, Mr. Bernard, Dr. Headley and Dr. Dotsan as defendants in this action is denied without prejudice to the plaintiff's ability to file a motion to amend within thirty (30) days of the date of this opinion attaching a proposed amended complaint; (3) the plaintiff's motion to strike the first, third and fourth affirmative defenses raised in the answer of Montefiore and Dr. Farmer is **denied.**

**SO ORDERED.**