Willie JONES, Jr., Plaintiff,

v.

OCWEN FEDERAL BANK, Law Office of Rosicki, Rosicki & Associates, Bruce Johnson, Esq., Barbara Born, Esq., Judge Lucindo Suarez, Individually and as an Official of the State of New York, State of New York, Bronx County Supreme Court, New York State Supreme Court, First Appellate Division, Justices Milton L. Williams, Israel Rubin, David B. Saxe and David Friedman, as Officials of the State of New York Supreme Court, First Appellate Division, "John Doe" and "Jane Doe" Names Being Fictitious, Investigators, Officers, Agents, Employees, Defendants.

No. 00 CIV 0429(RMB)(JCF).

United States District Court, S.D. New York.

June 19, 2001.

Willie Jones, Jr., New York City, pro se.

Owen Robinson, Rosicki, Rosicki & Associates, Charles Sanders, Assistant Attorney General, New York State Attorney General's Office, Litigation Bureau, New York City, for defendants.

### DECISION AND ORDER

BERMAN, District Judge.

On January 20, 1999, Willie Jones, Jr. ("Plaintiff"), a *pro se* litigant, filed a complaint in this Court asserting violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988 ("Civil Rights Claims") against defendants Bruce Johnson, Esq., and the Law Office of Rosicki, Rosicki & Associates (collectively "Rosicki Defendants"); Justice Lucindo Suarez, New York State Supreme Court, Bronx County ("Bronx Supreme Court"); Judges Milton L. Williams, Israel Rubin, David B. Saxe, David Friedman, New York State Supreme Court, First Appellate Division (collectively "Defendant Judges"); Ocwen Federal Bank ("Ocwen"); Barbara Born, Esq. ("Born"); "John Doe"; and "Jane Doe." The gravamen of Plaintiff's complaint appears to be his belief "that a creditor (mortgagee) does not have the right to collect against the same debt (mortgage) twice after the debt has been satisfied by acceptance of a referee deed ..." Plaintiff's Affirmation in Opposition to Defendants Motion to Dismiss dated February 1, 2001 ("Pl.Aff.") ¶ 6. Plaintiff is aggrieved over certain mortgage foreclosure proceedings against him involving property located at 1510 White Plains Road, Bronx, New York, 10462 ("Property"), which were the subject of legal actions in the Bronx Supreme Court.

A motion to dismiss, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 8(a), for failure to set forth sufficiently clear and specific claims for relief, and Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, was filed by the Rosicki Defendants on or about October 23, 2000.[1] The Rosicki Defendants also move to dismiss Plaintiff's apparent demand for removal of the Bronx Supreme Court proceedings to this Court on the grounds, among others, the demand was not made within 20 days of service of the complaint in the state action.[2] Plaintiff responded to the Rosicki Defendants' Motion to Dismiss by filing Pl. Aff. with this Court. *See* Pl. Aff. On June 10, 2001, Plaintiff wrote to this Court asking that the scheduled June 13, 2001 conference be rescheduled for July 3, 2001.[3] **For the reasons stated below, the Rosicki Defendants' motion is granted.**

---

1. At a conference on March 22, 2000, before Magistrate Judge James C. Francis IV, the Defendant Judges sought (and apparently reached) an agreement with Plaintiff withdrawing the complaint as against them. As of May 30, 2001, attempts by counsel for the Defendant Judges to secure a stipulation to that effect were unsuccessful. *See* Pl. Aff. ¶ 7; *see also* Mem. Endorsed letter from Assistant Attorney General, Charles F. Sanders, to Hon. Richard M. Berman, dated May 30, 2001. **This Court believes that the claims against the Defendant Judges should be dismissed both because Plaintiff agreed to do so, and because of principles of judicial immunity.** *See Hili v. Sciarrotta,* 140 F.3d 210 (2d Cir. 1998) (citing *Pierson v. Ray,* 386 U.S. 547, 554–55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967))("Judges performing judicial functions within their jurisdictions are granted absolute immunity.").

2. "In a removed action where defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service ... of a copy of the initial pleading setting forth the claim for relief..." Fed R. Civ. P. 81(c).

3. The letter was received in Chambers on or about June 12, 2001; the Court advised Plaintiff (by telephone message left with Hanson

## I. Background

Plaintiff appears to seek redress for alleged deprivation of his rights concerning a mortgage granted to him by Citibank N.A. for the Property. *See* Compl. ¶ 1. The mortgage was recorded in the Office of the Clerk of Bronx County on February 10, 1988. Compl. ¶ 34. In response to a default on the mortgage, on or about May 1, 1997, the first of two foreclosure actions was commenced in Bronx Supreme Court, which resulted in a judgment of foreclosure and sale ("Judgement of Foreclosure"). A public foreclosure auction and sale was held on or about December 8, 1998, at which time Ocwen Federal Bank FSB was the successful bidder. *See* Compl. ¶ 77.

On February 11, 1999, Defendant Born served a so-called Ten Day Notice to Quit ("Notice") advising the Plaintiff that the Property had been sold and the title had been duly transferred to Ocwen. *See* Compl. ¶ 36, Ex. D. The Notice stated: "Take Notice, that the premises known as and by 1510 White Plains Road, Second Flr., Bronx, New York 10462 ... now occupied by you, has been sold to [Ocwen] under a judgement of foreclosure in an action brought against [Plaintiff], and all other persons occupying said premises ... that Ocwen is now the owner ... and hereby demands that you ... remove therefrom and surrender possession thereof ... on or before February 24, 1999, or Ocwen, or its successors, will take legal action to evict you ..." Compl. ¶ 80–81 (quoting from Notice).

On or about December 10, 1998, Plaintiff filed a motion for relief from the Judgment of Foreclosure, alleging lack of personal jurisdiction over him due to improper service of process. On March 5, 1999, the parties appeared in the Bronx Supreme Court and stipulated before Magistrate Judge Douglas McKeon that the service of process was improper, and the first foreclosure action against Plaintiff was discontinued. *See* Compl. ¶ 82. "In the meantime a second foreclosure action was commenced against [Plaintiff]. The purpose of the second action was solely to secure jurisdiction over [him] and then consolidate both actions in order to obtain a judgment of foreclosure and sale [ ]. Plaintiff, having successfully obtained a dismissal of the Judgement of Foreclosure in the first foreclosure action, then made a motion to dismiss the second foreclosure action [in Bronx Supreme Court on or about April 8, 1999] based on the dismissal of the [J]udgement of [F]oreclosure and the fact that the referee had tendered a deed to Ocwen (although dismissal of Judgement of Foreclosure nullified the deed)." Letter from the Law Office of Rosicki, Rosicki & Associates to the Hon. Richard M. Berman, dated June 5, 2000; Compl. ¶ 82.

Plaintiff's Motion to Dismiss the second foreclosure action was denied by Order of Justice Lucindo Suarez, dated May 10, 1999, Index No. 8768–99, and filed with the Bronx County Clerk on June 2, 1999 ("Suarez's Order"). On September 20, 1999, the Rosicki Defendants served Plaintiff with a motion to consolidate the actions, vacate the earlier judgment of foreclosure, and enter a judgement of foreclosure in the consolidated action. By Order of Judge McKeon, dated October 17, 2000, and filed with the Clerk of Bronx County on January 24, 2001, the Rosicki Defendants' motion was granted. *See* Judgment of Foreclosure and Sale; Consolidation of Actions; and Vacatur of

Jones at the number provided by Plaintiff), that the conference would not be rescheduled. Counsel for the Defendants who appeared at the June 13 conference were directed by the Court to send a copy of the transcript of proceedings to Plaintiff.

Prior Judgment of Foreclosure and Sale, Index No. 25676–97 ("Foreclosure in Consolidated Action"). A public foreclosure auction and sale was conducted on April 27, 2001 at which time the Property was purchased by a third party for $236,000. *See* Mem. of Sale, dated April 27, 2001. On November 4, 1999, the New York State Supreme Court, First Appellate Division entered an order denying Plaintiff's motion for a stay of the foreclosure proceedings pending appeal. *See Ocwen Federal Bank, FSB v. Willie Jones, Jr. et. al.*, Index No. 8768/99 (1st Dep't Nov. 4 1999). Thereafter, Plaintiff brought the instant action, seemingly against all parties involved in the two foreclosure proceedings.

## II. Standard of Review

■ Fed.R.Civ.P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[4] The Rule also requires that "[e]ach averment of a pleading shall be simple, concise, and direct." *Kittay v. Kornstein*, 230 F.3d 531 (2d Cir.2000) (citing Fed.R.Civ.P. 8(e)(1)). Simplified "notice pleading" is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Federal Rules, and enables parties to disclose more precisely the basis of both claims and defenses and to define more narrowly the disputed facts and issues. *See Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A plaintiff must disclose sufficient information to permit the defendant "to

have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991). "Dismissal [ ] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).

■ "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections of New York*, 232 F.3d 135, 139 (2d Cir.2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). A "court should give the *pro se* litigant special latitude in responding to a motion to dismiss." *Adams v. Galletta*, 966 F.Supp. 210, 211 (S.D.N.Y.1997).

■ When a complaint fails to comply with Fed.R.Civ.P. 8(a)(2), leave to amend will ordinarily be granted absent "extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible, or where the substance of the claim pleaded is frivolous on its face." *Salahuddin*, 861 F.2d at 42. The United States Court of Appeals for the Second Circuit has noted, however, that "[f]ailure to comply with Fed.R.Civ.P. 8(a) may result in dismissal of a complaint, even if the

---

4. Fed.R.Civ.P. 8 states in pertinent part:
   "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed.R.Civ.P. 8(a)(2).

"(e) Pleading To Be Concise and Direct; Consistency.
   (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e)(1).

pleader is proceeding *pro se.*" *Praseuth v. Werbe,* 99 F.3d 402, 1995 WL 746946 (2d Cir.1995); *Owens v. State of New York Attorney General,* —— F.3d ——, 2001 WL 604938 (2d Cir. May 31, 2001) (affirming dismissal pursuant to Fed.R.Civ.P. 8(a) of *pro se* plaintiff's complaint because it was "incomprehensible").

■ In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *La-Bounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "Individual allegations ... that are so baldly conclusory that they fail to give notice of the **basic events and circumstances of which the plaintiff complains,** are meaningless as a practical matter and as a matter of law are insufficient to state a claim." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987) (emphasis added).

## III. Analysis

■ Plaintiff fails to plead, clearly and concisely, any factual circumstances setting forth the basis upon which Federal relief can be granted against the named defendants. For example, Plaintiff's complaint asserts that the Rosicki Defendants engaged in conduct proscribed by the FDCPA and violative his civil rights, however, Plaintiff fails to allege what that conduct consisted of, who specifically engaged in the conduct, and when the conduct took place. Allegations that the Rosicki Defendants "engaged in conduct, the natural consequences of which is to harass, oppress or abuse persons by use of language the natural consequence of which is to abuse plaintiff, [ ] caused telephone to ring, or engaged plaintiff or his family in telephone conversations repeatedly or continuously with the intent to harass or an-

noy, [ ] used false, deceptive, or misleading representation or means in connection with the collection of a debt" Compl. ¶ 67(a)-(d), without specifics or details is not enough. *See Mason v. County of Del. Sheriff's Dep't,* 150 F.R.D. 27 (N.D.N.Y.1993) (failing to meet the minimal notice pleading requirements when it is entirely devoid of factual allegations against the defendants).

Because the allegations in Plaintiff's complaint are not pleaded "in a clear and straight-forward fashion, [causing] unnecessary confusion in understanding plaintiff's theories" a motion to dismiss pursuant to Fed.R.Civ.P. 8(a) is appropriately granted. *Kittay,* 230 F.3d at 541. As noted, Plaintiff fails to allege any specific conduct, facts or circumstances to substantiate his Federal claims. Similarly, Plaintiff's claim concerning a "conspiracy" to deprive him of his constitutionally protected rights fails to set forth any particular, individualized conspiratorial conduct by Defendants. *See Dwares v. City of New York,* 985 F.2d 94, 99 (2d Cir.1993) ("[D]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct."). The allegations here merely recite the state foreclosure history and are not sufficiently clear to have provided the Rosicki Defendants with "a fair understanding of what the plaintiff is complaining about" or to have allowed the Rosicki Defendants "to know whether there is a legal basis for recovery." *Kittay,* 230 F.3d at 533. To the extent that the complaint purports to allege violations of the FDCPA (and Civil Rights Claims), Plaintiff has failed to plead the facts and circumstances with sufficient specificity to set forth a claim upon which relief can be granted. *See* Defendants' Motion to Dismiss ¶ 7 ("All that plaintiff has done is recite nearly verbatim the contents of the act without even a single example of any act by the [Rosicki] [D]efendant[s] which

would fall under the proscriptions of the acts.")

■ Plaintiff's apparent demand for removal of the state proceedings to this Court is unavailing. For one thing, Plaintiff's removal request (contained in the instant complaint) was made well after 20 days following the filing of the complaint in the state foreclosure action, i.e. which occurred on or about May 1, 1997. *See* Fed.R.Civ.P. 81(c). Second, the state court actions appear to have been concluded and, therefore, cannot be removed at this time. *See* Foreclosure in Consolidated Action. Third, to the extent that Plaintiff seeks review of prior state judicial proceedings, this Court lacks subject matter jurisdiction over his claims. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *see also Smith v. O'Connor*, 901 F.Supp. 644, 647 (S.D.N.Y. 1995).

**IV.  Conclusion and Order**

For the foregoing reasons, the Rosicki Defendants' motion is granted.  Also, Plaintiff's claims against the Defendant Judges are dismissed.

**Plaintiff is granted leave to amend his complaint against the Rosicki Defendants upon the following conditions: (1) Plaintiff must serve and file his amend-**

---

5. Rule 15(a) of the Fed.R.Civ.P. provides that "... a party may amend the party's pleading ... by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

ed complaint within 45 days of the date hereof; (2) the amended complaint should not exceed 20 pages in length, absent good cause shown; (3) the amended complaint must state clearly and specifically the factual basis for any Federal claims Plaintiff may have against each of the Rosicki Defendants.[5]

The Clerk is respectfully directed to enter an order dismissing the complaint.

---

**Note: The application of the Defendant Judges, made on June 13, 2001, for sanctions and costs, is taken under advisement by this Court.** *See* Transcript of proceeding, at 13–14.