### DENVER & R. G. W. R. CO. et al. v. McCARTHY et al.

### No. 1912.

Circuit Court of Appeals, Tenth Circuit.

April 30, 1940.

William V. Hodges, of Denver, Colo. (Hodges, Vidal & Goree, of Denver, Colo., F. C. Nicodemus, Jr., of New York City and H. C. Vidal, of Denver, Colo., on the brief), for appellants.

Henry McAllister, of Denver, Colo., for appellees.

Before LEWIS, PHILLIPS, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

The Denver and Rio Grande Western Railroad Company, hereinafter referred to as the Rio Grande, is a railroad corporation organized under the laws of Delaware, and owns and operates a system of railroads in Colorado, Utah, and New Mexico. Its principal office is in Denver, Colorado. On November 1, 1935, it filed its petition in the United States District Court for the District of Colorado seeking reorganization pursuant to Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. The petition was approved by the court. Thereafter, Wilson McCarthy, Esq., and Henry Swan, Esq., were appointed by the court as trustees, and the appointments were duly ratified by the Interstate Commerce Commission.

The petition was filed by Henry McAllister, Esq., of Denver, Colorado, and the firm of Pierce & Greer, of New York City, as counsel for the Rio Grande. The firm of Pierce & Greer served as New York counsel for the Rio Grande from 1902 to 1908 and from 1924 to February 1, 1936. Frank C. Nicodemus, Jr., became a member of the firm of Pierce & Greer in January, 1903, and since then the legal services rendered by the firm to the Rio Grande have been largely in his charge. During the second period of employment of the firm it received from the Rio Grande an annual salary, payable monthly. The monthly payments were discontinued by order of the District Court at the end of January, 1936.

Mr. McAllister, who was general counsel for the Rio Grande, was appointed by the court as attorney for the trustees. Thereupon, he ceased to represent the Rio Grande. Mr. Nicodemus has continued to render legal services to the Rio Grande, es-

pecially to its board of directors, since February 1, 1936.

On April 28, 1936, the board of directors of the Rio Grande adopted a resolution employing William Wyer as its special representative to prepare the plan of reorganization. At about the same time resolutions were adopted by the board of directors employing Mr. Nicodemus and William V. Hodges, Esq., as counsel for the Rio Grande in the reorganization proceedings and in the preparation and presentation of the plan of reorganization.

Much of the work in the preparation of the plan had been done by Mr. Wyer prior to his formal employment and even prior to the filing of the petition for reorganization.

Mr. Hodges and Mr. Nicodemus aided Mr. Wyer in the legal phases of the preparation of the plan and in the presentation thereof to the Interstate Commerce Commission and Mr. Hodges also attended the various hearings had from time to time in the reorganization proceedings.

Mr. Nicodemus is also counsel for the Western Pacific Railway which owns one-half of the common stock of the Rio Grande.

On August 19, 1937, the Rio Grande filed with the Interstate Commerce Commission its amended petition for the fixing of maximum ad interim allowances for services rendered by Mr. Wyer, Mr. Nicodemus, and Mr. Hodges. Attached thereto was a schedule setting up in detail the services rendered by Mr. Nicodemus from August 4, 1936, to August 2, 1937, and a schedule setting forth in detail the services rendered by Mr. Hodges from April 14, 1936, to July 15, 1937.

The Commission fixed a maximum ad interim allowance to Mr. Wyer of $10,000 for the period from November 1, 1935, to July 31, 1937, to Mr. Nicodemus of $7500 for the period from July 28, 1936, to August 25, 1937, and to Mr. Hodges of $7500 for the period from April 14, 1936, to August 24, 1937, and filed its report and entered orders accordingly. The report and orders were transmitted to the court and on August 20, 1938, the court filed a memorandum in which it approved an· allowance to Mr. Wyer of $5000 and to Mr. Hodges of $2500. With respect to Mr. Nicodemus the court said:

"There is some evidence that in addition to the debtor he represents the Western Pacific and other clients that require 80% to 90% of his time. These interests necessarily conflict with those of the debtor and the court entertains doubt of the propriety of counsel representing both. This question is raised but not decided, but will have to be passed upon before any allowance for services can be made."

Thereafter, on October 19, 1938, the matter came on for reconsideration and rehearing before the District Court. After a full hearing the court filed its memorandum in which it increased the allowance to Mr. Hodges to $4000, and with respect to the allowance to Mr. Nicodemus said: "The claim of Mr. Nicodemus is held in abeyance until the tentative objections of the court are disposed of. Suggestions to that end are invited."

On May 2, 1939, the court entered a formal order in which it allowed Mr. Hodges $4000 on account of such sum as might be finally fixed by the court as compensation for services rendered by him and his firm in behalf of the Rio Grande "in connection with the proceedings and plan of reorganization before the Interstate Commerce Commission" for the period from April 14, 1936, to August 24, 1937. With respect to Mr. Nicodemus the formal order read:

"That the petition of said Debtor for the allowance of ad interim compensation to F. C. Nicodemus, Jr., one of its attorneys, or his firm, for services rendered by him or it to the Debtor in connection with the proceedings and plan of reorganization for the period July 26, 1936 to August 25, 1937, being the period covered (as to him) by said report and order of the Interstate Commerce Commission, be and hereby is denied without prejudice to later application".

From this order, the Rio Grande, Mr. Hodges, and Mr. Nicodemus have appealed.

Section 77, sub. d, of the Bankruptcy Act, as amended by the Act of August 27, 1935, 49 Stat. 917, 11 U.S.C.A. § 205, sub. d, provides that the debtor shall file a plan of reorganization within six months of the entry of the order by the judge approving the petition as properly filed.

Section 77, sub. c (13), as amended by the Act of August 27, 1935, 49 Stat. 917, 11 U.S.C.A. § 205, sub. c (13), provides that the debtor shall have the right to be heard on all questions arising in the proceedings.

Section 77, sub. c (12), as amended by the Act of August 27, 1935, 49 Stat. 916, 11 U.S.C.A. § 205, sub. c (12), provides that within such maximum limits as are fixed by the Interstate Commerce Commission the judge may make an allowance to be paid out of the debtor's estate for the actual and reasonable expenses, including reasonable attorney's fees, incurred in connection with the proceedings and plan by parties in interest and by reorganization managers and committees or other representatives of creditors and stockholders, and that appeals from orders of the court fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily.

Undoubtedly, the debtor has important duties to perform in the reorganization proceedings, Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Railway, 294 U.S. 648, 679, 55 S.Ct. 595, 79 L.Ed. 1110, and is entitled to the services of competent counsel to aid it in the performance of those duties and to have reasonable allowances made for the expenses incurred and the services rendered by such counsel, not only in connection with the formulation and presentation of the plan of the debtor but also in connection with the proceeding, the debtor having the right to be heard on all questions arising therein.

However, the allowances here involved are not final, but merely ad interim, or on account, and whether there shall be ad interim allowances and the amounts thereof, if made, are matters resting in the sound discretion of the trial court.

The trial judge expressed the view that he was not yet in a position to properly appraise the value of the services, especially those rendered in connection with the plan of reorganization. We cannot say it was an abuse of discretion for him to postpone the fixing of full allowances for the services rendered until the proceedings were completed and he was in better position to appraise and evaluate those services.

The application made by Mr. Nicodemus has not been finally passed on by the trial court. It has been held in abeyance pending determination by the trial court of whether Mr. Nicodemus is qualified by reason of his representation of other interests to serve the Rio Grande in the reorganization proceedings.

While the Rio Grande should be accorded the right to select counsel of its own choosing to represent it in the reorganization proceedings and the preparation and presentation of the plan, we do not think it is entitled to an allowance for counsel who, by reason of adverse interests, is disqualified to represent it. We should not be understood as intimating by this statement that Mr. Nicodemus is disqualified. While counsel for the trustees in his brief has expressed the view that Mr. Nicodemus is not disqualified, we hold that question is not presently before us and express no opinion with respect thereto, other than to say that the trial court was entitled to resolve it before passing on the application for allowance for the services rendered by Mr. Nicodemus.

Of course, Mr. Nicodemus is entitled to be promptly advised with respect to that matter and we assume that the court will make early disposition thereof.

For the reasons indicated, the order appealed from is affirmed.