**Digna Z. NARVARTE, Plaintiff,**

v.

**CHASE MANHATTAN BANK, N.A., Defendant.**

**No. 96 Civ. 8133 (JGK).**

United States District Court, S.D. New York.

July 8, 1997.

none addresses the provision of educational services. (*Id.* 8, 9)

Digna Z. Narvarte, Jersey City, NJ, pro se.

Belinda L. Palmer, New York City, for Defendant.

KOELTL, District Judge.

■ The plaintiff, Digna Z. Narvarte, proceeding pro se, brings this action pursuant to 42 U.S.C. § 2000e *et seq.* against The Chase Manhattan Bank, N.A. ("Chase")[1] asserting that she was and continues to be discriminated against by Chase on the basis of her race, color, religion, and national origin. She also alleges that Chase retaliated against her for complaining about this discrimination. The defendant now moves pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss those claims which assert discrimination and retaliation on the basis of religion, color, and national origin and a continuing violation on these grounds. However, because the defendant has answered the plaintiff's claims against it, the defendant's motion is properly construed as a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). *See* Fed.R.Civ.P. 12(b)(1), (b)(6), (c); *see also PI, Inc. v. Ogle,* No. 95 Civ. 1723, 1997 WL 37941, *2 (S.D.N.Y. Jan.30, 1997); *R.C.M. Executive Gallery Corp. v. Rols Capital Co.,* 901 F.Supp. 630, 638–39 (S.D.N.Y.1995); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990).

## I.

■ On a motion to dismiss, the factual allegations of the complaint are accepted as true and all reasonable inferences must be construed in the plaintiff's favor. *See Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995); *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994), *cert. denied,* 513

U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994); *see also Adams v. Chief of Security Operations,* 966 F.Supp. 210, 211–12 (S.D.N.Y.1997). The court should not dismiss a complaint, unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support her claim and entitle her to relief. *See Valmonte v. Bane,* 18 F.3d 992, 998 (2d Cir.1994) (citing to *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Adams,* 966 F.Supp. at 211–12. Where a pro se litigant is involved, the same standards for dismissal apply. However, a "court should give the pro se litigant special latitude in responding to a motion to dismiss." *Adams,* 966 F.Supp. at 211. When reviewing a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standards as on a Rule 12(b)(6) motion. The Court "must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Davidson v. Flynn,* 32 F.3d 27, 29 (2d Cir.1994); *see also Madonna v. United States,* 878 F.2d 62, 65 (2d Cir.1989); *National Ass'n of Pharmaceutical Mfrs., Inc. v. Ayerst Labs.,* 850 F.2d 904, 909 n. 2 (2d Cir.1988) (indicating that the Court treats a motion for judgment on the pleadings as if it were a motion to dismiss); *Slavsky v. New York City Police Dep't.,* 967 F.Supp. 117, 118 (S.D.N.Y.1997); *R.C.M.,* 1997 WL 27059, *6. Accordingly, the following facts are accepted as true for purposes of this motion.

The plaintiff was employed by Chase as an Assistant Treasurer in the Product and Production Risk Management Department from October, 1988 to June 6, 1994. (EEOC Affidavit, attached as EEOC# 3 to Digna Z. Narvarte Affidavit ("Narvarte Aff."); EEOC Charge ("EEOC Charge") attached as Exhibit A to Affidavit of Belinda Palmer ("Palmer Aff.")) In her complaint in this action, the plaintiff alleges that from June, 1992 to June 6, 1994, she was subjected to discrimination and retaliation on the basis of race, color, religion, and national origin. (Compl.¶¶ 5, 7.) In particular, the plaintiff claims that she was subjected to unequal

---

1. The Chase Manhattan Bank is the successor-in-interest to The Chase Manhattan Bank, N.A., where the plaintiff was employed.

**12**

terms and conditions of employment, discharged, and retaliated against. (Compl.¶ 4.) She also indicated in her complaint in this action that she believed the defendant was still committing discriminatory acts against her. (Compl.¶ 6.)

The plaintiff filed a formal written complaint with the Equal Employment Opportunity Commission ("EEOC") on August 11, 1994 alleging discrimination on the basis of her race, which is "Asian", and retaliation for the letters she sent to bank officers complaining about that discrimination. (EEOC Charge.) The boxes labeled "race" and "retaliation" were checked on her EEOC Charge form, but the plaintiff did not check the boxes for discrimination based on "color", "religion", and "national origin." (*Id.*)

The plaintiff attached to her EEOC Charge the letters that she had sent to the Human Resources Department and officers of the bank in which she complained of discrimination. In these letters and in the Charge form, the plaintiff complained of racial discrimination and harassment without mentioning that she was experiencing any other type of discrimination.

The plaintiff indicated on the EEOC Charge form that the discrimination ended on June 6, 1994, the date she was discharged from her job, and she did not check the box for "continuing action." (*Id.*) In or about August, 1996 the EEOC sent to the plaintiff a Notice of Right to Sue. (Palmer Aff. Ex. B.)

## II.

■ Defendant Chase argues that the plaintiff's claims which allege discrimination and retaliation based on color, religion, and national origin and a continuing violation on these grounds should be dismissed because the plaintiff has failed to exhaust her administrative remedies under Title VII. The defendant raises no objection to the plaintiff's claim of racial discrimination and retaliation. In a Title VII case, the district court can only hear those claims either included in the EEOC Charge or that are "reasonably related" to the allegations in the plaintiff's EEOC complaint. *See Butts v. City of New York Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993).

The plaintiff's allegations concerning discrimination and retaliation on the basis of color, religion and national origin and a continuing violation on these grounds after her discharge were not contained in her EEOC Charge. Moreover these allegations cannot be considered reasonably related to the charges that were presented to the EEOC.

The plaintiff only checked the boxes on the EEOC form indicating discrimination and retaliation on the basis of race. The plaintiff's EEOC Charge and the affidavits and letters attached to the Charge all refer to race discrimination and retaliation. The Charge does not contain any allegations informing the reader of a claim premised upon any grounds other than racial discrimination and retaliation for the plaintiff's complaints about racial discrimination.

The plaintiff also alleged on the EEOC Charge that the discrimination terminated when she was discharged from her job on June 6, 1994. (Palmer Aff. Ex. A.) She made no allegation to the EEOC that the discrimination was continuing.

■ However, the complaint in this action alleges discrimination on the basis of color, religion, and national origin and alleges that the acts continued after her discharge. When a complaint alleges discrimination on a basis different from that contained in the EEOC Charge, the allegations in the subsequent complaint cannot be considered reasonably related to the EEOC Charge. *See Cheek v. Western and Southern Life Insurance Co.*, 31 F.3d 497, 502 (7th Cir.1994); *see also Walsh v. National Westminster Bancorp., Inc.*, 921 F.Supp. 168, 171 (S.D.N.Y. 1995) (a claim of sexual discrimination is not reasonably related to an allegation of retaliation); *Fitch v. R.J. Reynolds Tobacco*, 678 F.Supp. 1046, 1047 (S.D.N.Y.1987).

■ Similarly, the allegation in the complaint that the acts are continuing was not encompassed in the EEOC Charge and specifically contradicts the plaintiff's EEOC Charge which alleged that the latest act of discrimination occurred on the date of the plaintiff's discharge. In her opposition to the present motion, the plaintiff does not explain

how her newly asserted claim of continuing violation was encompassed within her EEOC Charge, nor does the plaintiff explain why she should be excused from the requirement of presenting such a charge to the EEOC.

Thus because the plaintiff's claims of discrimination on the basis of color, religion, and national origin and a continuing violation based on those claims were not included in the EEOC Charge or reasonably related to the allegations of race discrimination and retaliation contained in the Charge, the court cannot hear those claims.[2]

## CONCLUSION

For the reasons stated above, the plaintiff's claims asserting discrimination and retaliation, on the basis of color, religion, and national origin, and a continuing violation based on these charges, are dismissed.[3]

**SO ORDERED.**

2. As explained above, allegations concerning incidents of discrimination that occurred after the filing of an EEOC Charge, if sufficiently related to the allegations that were included in the EEOC Charge, can be considered by a district court. *Butts*, 990 F.2d at 1401. However, while the plaintiff has indicated that she alleges that she was discriminated against after her termination, she has not specified whether this alleged discrimination was based on race, nor stated what incidents she is complaining about or when such incidents occurred. Therefore, the Court cannot determine whether the failure to include any incidents of subsequent alleged racial, discrimination in her EEOC Charge can be excused. Thus, any claim that the plaintiff was the victim of discrimination on the basis of race after her termination is dismissed without prejudice to replead if there is a factual basis sufficient to support such a claim.

3. The defendant's motion to stay discovery pending a decision on this motion is denied as moot.