Luis R. ALONZO, Plaintiff,

v.

CHASE MANHATTAN BANK, N.A., Fritz Groesser, Martin Hoffman, Roy B. Groves, Rudy Lalak and John Bush, Defendants.

No. 98 Civ. 2749(RWS).

United States District Court,
S.D. New York.

Dec. 1, 1998.

Anthony Ofodile, Brooklyn, NY, for Plaintiff.

Chase Manhattan Bank Legal Department, New York City (Belinda L. Palmer, of counsel), for Defendants.

## OPINION

SWEET, District Judge.

In this employment discrimination action brought by plaintiff Luis R. Alonzo ("Alonzo"), defendants The Chase Manhattan Bank ("Chase"), formerly known as Chase Manhattan Bank, N.A., Fritz Groesser ("Groesser"),

Martin Hoffman ("Hoffman"), Rudy Lalak ("Lalak"), and John Bush ("Bush") (collectively, "Defendants") (together with Groesser, Hoffman, Lalak, and Roy B. Groves ("Groves"), the "Individual Defendants") have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the claims of discrimination based on race and color on the ground that Alonzo has not exhausted his administrative remedies and on the claims against the Individual Defendants on the ground that there is no personal liability under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). For the reasons set forth below, Defendants' motion is denied in part and granted in part.

### Prior Proceedings and Pleadings

According to Alonzo's complaint, he had been employed with Chase since April 4, 1974. Since 1978, Alonzo worked with the financial management group in different capacities. In 1986, while with the overseas tax unit, he was promoted to accounting officer. His responsibilities included monitoring certain activities of the International Banking Facility, developing an allocation of the head office expense system for the overseas units, and providing certain information, as needed. In 1988 he was transferred to the corporate tax department, tax accounting reporting area, where his responsibilities remained the same. He was to report to Groesser upon the transfer.

Alonzo contends that he was repeatedly subjected to name calling and racial slurs by Groesser. Alonzo is Hispanic. On April 8, 1993, he filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") against Chemical Bank,[1] alleging discrimination based on his national origin. The charge stated, *inter alia*, that "I am the only individual treated in this manner and I am the only Hispanic in the unit."

On April 20, 1993, Groesser informed Alonzo that he was being terminated on April 27 as a result of a corporate downsizing. On April 27, 1993, Alonzo filed a second charge

---

1. Chemical Bank merged with Chase in March 1996.

with the EEOC, alleging retaliation for having filed the earlier charge. Both charges were also filed with the New York State Division of Human Rights (the "SDHR").

In late 1997, the SDHR issued a determination and order of "no probable cause." On January 6, 1998, the EEOC issued a notice of right to sue.

Alonzo filed his complaint ("Complaint") *pro se* in this action on April 17, 1998, alleging discrimination, retaliation, and termination of his employment based on race, color, and national origin. On the same date, Alonzo was granted his application to proceed *in forma pauperis*. Defendants filed the instant motion on July 10, 1998. On July 24, 1998, a notice of attorney appearance for Alonzo was filed. Oral arguments were heard on September 23, 1998, at which time the motion was deemed fully submitted.

*Discussion*

### I. Rule 12(c) Standard for Judgment on the Pleadings

 On a motion for judgment on the pleadings, "the same standards that are employed for dismissing a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) are applicable." *Ad–Hoc Comm. v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir.1987) (citations omitted). In considering the motion, all of plaintiff's "well pleaded factual allegations ... are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1368, at 520 (2d ed.1990); *see e.g.*, *Fine v. City of New York*, 529 F.2d 70, 75 (2d Cir.1975). A court may not dismiss a complaint on the pleadings unless the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining the sufficiency of the complaint, consideration is limited to the factual allegations it contains.

*See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994).

 Where subject matter jurisdiction is challenged, however, the court may consider extrinsic materials, such as affidavits. *See United States v. Vazquez*, 145 F.3d 74, 80 (1998); *Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). Although subject matter jurisdiction is normally challenged under 12(b)(1), it may also be raised on a motion pursuant to Rule 12(c). *See Formula One Motors, Ltd. v. United States*, 777 F.2d 822 (2d Cir.1985) (affirming dismissal of action for lack of subject matter jurisdiction on a Rule 12(c) motion).

### II. Subject Matter Jurisdiction Exists Over Alonzo's Claims of Discrimination and Retaliation Based on Race

Defendants assert that this Court lacks jurisdiction over the subject matter of Alonzo's allegations regarding discrimination based on race in violation of Title VII because they were not included in the charges Alonzo filed with the EEOC. According to Defendants, the EEOC charge solely contained claims of national origin discrimination, and therefore the claims alleged in the Complaint that are predicated upon race discrimination must be dismissed.

 Filing a charge with the EEOC is a jurisdictional prerequisite to a private civil action under Title VII. *See* 42 U.S.C. § 2000e–5(e); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A district court only has jurisdiction to hear claims which are either raised in the EEOC charge or are "reasonably related" to the EEOC charges. *See Butts v. City of New York Dep't of Hous.*, 990 F.2d 1397, 1402 (2d Cir.1993). The Second Circuit has recognized three different situations where claims not alleged in an EEOC charge are sufficiently related to provide jurisdiction: (1) where the claim brought in the civil action concerns conduct which would fall within the reasonable scope

of the EEOC investigation; (2) where the claim alleges retaliation for filing the EEOC charge; and (3) where the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge. *See Butts,* 990 F.2d at 1402–03.

With regard to Alonzo's race claim, only the first theory has relevance. The Second Circuit explained in *Butts* that:

> [t]he first type of "reasonably related" claim we have recognized is essentially an allowance of loose pleading. Recognizing that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering, we have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."

*Id.* at 1402 (quoting *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107 n. 10 (2d Cir.1978)).

■ Generally, claims based on "a wholly different type of discrimination" than initially asserted in the EEOC charge will not be permitted to be brought in federal court. *Peterson v. Insurance Co. of N.A.,* 884 F.Supp. 107, 109–10 (S.D.N.Y.1995). Where the facts in the original EEOC charge do not sufficiently apprise the EEOC that another type of discrimination claim lurks in the background, courts have held that the second claim is not reasonably related to the first. *See, e.g., Walsh v. National Westminster Bancorp., Inc.,* 921 F.Supp. 168, 171 (S.D.N.Y.1995) (finding that a claim of sexual discrimination is not reasonably related to an allegation of retaliation); *Dennis v. Pan American World Airways,* 746 F.Supp. 288, 291 (E.D.N.Y.1990) (noting that age discrimination claim is not reasonably related to race discrimination claim).

It has been said that "[a]n assertion of racial bias is conceptually distinct from a claim of discrimination based on national origin." *Dixit v. City of New York Dep't of Gen. Servs.,* 972 F.Supp. 730, 734 (S.D.N.Y.

1997). In support for their proposition that Alonzo's claims of discrimination based on race and national origin are not reasonably related, Defendants cite to *Mathura v. Council For Human Services Home Care Services, Inc.,* No. 95 Civ. 4191, 1996 WL 157496 (S.D.N.Y. Apr.2, 1996), *aff'd,* 107 F.3d 3 (2d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 93, 139 L.Ed.2d 49 (1997), and *Narvarte v. Chase Manhattan Bank, N.A.,* 969 F.Supp. 10 (S.D.N.Y.1997). In *Mathura,* the plaintiff noted race and color as the basis for discrimination in his EEOC complaint. The defendants represented that his claims of national origin, gender, and disability discrimination must be dismissed as they were not reasonably related to race and color. The court correctly found that stating that one is black does not invoke a claim of discrimination predicated upon national origin. *See Mathura,* 1996 WL 157496, at *1–*2. In *Narvarte,* the plaintiff alleged discrimination on the basis of her race, "Asian." On her EEOC charge, she checked the boxes labeled "race" and "retaliation" but not "color," "religion," and "national origin," which she had added to her federal complaint. *See Narvarte,* 969 F.Supp. at 12. Finding that

> [t]he plaintiff's EEOC Charge and the affidavits and letters attached to the Charge all refer[red] to race discrimination and retaliation [and that] [t]he Charge [did] not contain any allegations informing the reader of a claim premised upon any grounds other than racial discrimination and retaliation for the plaintiff's complaints about racial discrimination[,]

the court dismissed the charges of color-based, religious, and national origin discrimination. *Id.*

■ Defendants surmise that because Alonzo failed to check the box marked "race" on his EEOC charge and because race and national origin are not necessarily reasonably related as indicated by *Mathura* and *Narvarte,* Alonzo has failed to exhaust his administrative remedies.

However, it is substance of the charge and not its label that controls. As stated in *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 463 (5th Cir.1970), "we decline to hold

that the failure to place a check mark in the correct box is a fatal error. In the context of Title VII, no one—not even the unschooled—should be boxed out."

Moreover, the instant case is distinguishable from the cases upon which Defendants rely to vitiate Alonzo's assertion that his claims of racial discrimination are reasonably related to the claims of national origin discrimination. Whereas the term "black," or even "Asian," does not trigger the concept of national origin or an affiliation to a particular country, the term "Hispanic" may trigger the concept of race. Thus, unlike *Mathura* and *Narvarte,* the allegations contained in Alonzo's EEOC charge would reasonably cause the EEOC to investigate discrimination based both on national origin and race, thereby satisfying the "reasonably related" requirement, even though he only checked the box labeled "national origin" on his EEOC charge, as Alonzo contends.

Alonzo's allegations, as stated in his EEOC charge, contend, *inter alia,* that Alonzo is Hispanic—the only Hispanic in his unit—and that he was treated differently from any and all other persons in that unit who were not Hispanic. He stated his belief that he was discriminated against because he is Hispanic. As noted above, while the term "black" is not associated with national origin, some courts have treated "Hispanic" as a racial category. *See, e.g., Casanova v. General Mills Restaurants, Inc.,* No. 94–CV–4386, 1997 WL 473840, at *1 n. 1 (E.D.N.Y. Aug.15, 1997) (explaining that "[a]lthough [the plaintiff] contends that she was discriminated against on the basis of her 'Hispanic origin,' the Court construes the complaint as stating a claim for racial rather than national origin discrimination since none of the papers submitted to the Court indicate [the plaintiff's] national origin"); *Elias v. New York City Transit Auth.,* No. 95 Civ. 1083, 1997 WL 214968, at *1 n. 1 ("I need not decide whether bias against Hispanics better fits within the rubric of 'race' or 'national origin' discrimination. I will refer to this claim as one of race discrimination, as [plaintiff] does in his complaint."); *Ridgeway v. International Bhd. of Elec. Workers,* 466 F.Supp. 595, 597 (N.D.Ill.1979) (noting that Hispanics are of-

ten thought of as being of a different race than whites); *Gomez v. Pima County,* 426 F.Supp. 816 (D.Ariz.1976) (same); *see also Quiros v. Ciba–Geigy Corp.,* 7 F.Supp.2d 380, 381–83 (S.D.N.Y.1998) (analyzing plaintiff's claim that he was subjected to racial and national origin discrimination because his employer denied him promotions and paid him less than similarly situated employees since he is Hispanic and Costa Rican); *cf. Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988) (*en banc* ) (finding that "in accordance with the understanding of the statute's drafters, 'race' for the purposes of Section 1981 comprehends ethnicity" (citing *Saint Francis College v. Al–Khazraji,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987))).

In an oft-cited passage, the court in *Budinsky v. Corning Glass Works,* 425 F.Supp. 786 (W.D.Pa.1977), reasoned that:

> The terms "race" and "racial discrimination" may be of such doubtful sociological validity as to be scientifically meaningless, but these terms nonetheless are subject to a commonly-accepted, albeit sometimes vague, understanding. . . . On this admittedly unscientific basis, whites are plainly a "race" susceptible to "racial discrimination." Hispanic persons and Indians, like blacks, have been traditional victims of group discrimination, and, however inaccurately or stupidly, are frequently and even commonly subject to a "racial" identification as "non-whites."

*Id.* at 788.

Other courts have dealt with discrimination of an Hispanic individual under the guise of national origin discrimination. *See, e.g., Martinez v. Bethlehem Steel Corp.,* 78 F.R.D. 125 (E.D.Pa.1978); *Vazquez v. Werner Continental, Inc.,* 429 F.Supp. 513 (N.D.Ill.1977); *Gradillas v. Hughes Aircraft Co.,* 407 F.Supp. 865 (D.Ariz.1975).

Whether being Hispanic constitutes a race or a national origin category is a semantic distinction with historical implications not worthy of consideration here. *See generally Jatoi v. Hurst–Euless–Bedford Hosp. Auth.,* 807 F.2d 1214, 1218 (5th Cir.1987) ("We have recognized the difficulty in distinguishing discrimination based on national origin from that based on race."). Thus, submits Alonzo,

neither he nor the EEOC employee who filled out his EEOC charge should be penalized for not checking the box marked "race". Alonzo points out that because he did not state that he was the only Hispanic from a particular country treated in a discriminatory manner, he did not confine his claim to one of national origin discrimination. *Cf. Cordero v. Heyman,* No. 97 Civ. 0435, 1998 WL 730558, at *5 (S.D.N.Y. Oct.19, 1998) (finding that where plaintiff, an "Hispanic of Puerto Rican national origin," alleged only racial discrimination on his EEOC charge, his claim of discrimination based on national origin was not "reasonably related" because he did not state in his administrative complaint that "he was denied · a promotion because he was Puerto Rican").

In *Dixit,* 972 F.Supp. at 734–35, as in the instant case, the plaintiff did not check the box indicating that he believed the discrimination he had faced was due to his race. The court, however, noting that the plaintiff did identify himself as an "Asian Indian," held that this designation was sufficient to make the racial discrimination claim reasonably related to the national origin claim since "the EEOC can reasonably be expected to investigate both racial and national origin bias when a complainant claims to have been discriminated because he is an Asian Indian." *Id.* at 735; *see also Lazuran v. Kemp,* 142 F.R.D. 466, 469 (W.D.Wash.1991) (in allowing plaintiff, an Hispanic female, to amend her complaint to add a claim for national origin discrimination on the ground that claims based on race and national origin are closely related, the court noted that "[s]everal district courts have permitted claims based on race where the· initial EEOC charge stated a claim based only on national origin, concluding that a claim based on race was merely a refinement of the claim based on national origin" (citing, e.g., *Kahn v. Pepsi Cola Bottling Group,* 526 F.Supp. 1268, 1270 (E.D.N.Y.1981))).

Under the circumstances, the spirit of *Dixit* applies equally here. Due to Alonzo's pronouncement that he was discriminated against because he is a Hispanic, because it has not been established that the designation of being an Hispanic precludes a claim of racial discrimination, and given the uncertainty among courts as to whether "Hispanic" is better characterized as a race or a national origin, Alonzo's claims of racial discrimination are reasonably related to his claims of national origin discrimination as they fall within the reasonable scope of EEOC investigation. Accordingly, Defendants' motion for judgment on the pleadings regarding the claims premised on racial discrimination is denied.

### III. Alonzo's Claims of Discrimination Based on Color Are Dismissed

Defendants also oppose contentions of discrimination based on color for failure to exhaust administrative remedies. During oral arguments, Alonzo confirmed that he does not oppose Defendants' motion to dismiss those claims. Accordingly, any claims of discrimination premised on color are hereby dismissed.

### IV. The Claims Under Title VII Against Groesser, Hoffman, Groves, Lalak, and Bush in Their Individual Capacities Are Dismissed

In addition to naming Chase as a defendant, Alonzo has named five individual employees of Chase in their individual capacities. The claims against each of these individuals are hereby dismissed as a matter of law.

In *Tomka v. Seiler,* 66 F.3d 1295, 1304, 1314 (2d Cir.1995), the Second Circuit held that individual defendants, including those with supervisory capacity, could not be held personally liable for alleged violations of Title VII. The Second Circuit reasoned that Congress did not intend to allow civil liability to run against individual employees, for this would not have comported with Congress's intent to protect small employers from liability and from the burden associated with litigating discrimination. A finding of agent liability, moreover, would require courts to differentiate among agents with the power to hire and fire from supervisors without these powers. *See id.,* at 1314.

### Conclusion

For the reasons set forth above, Defendants' motion pursuant to Rule 12(c) is denied in part and granted in part. Specifically, the claims of discrimination based on color and the claims against the Individual Defendants are dismissed, while those claims based on race survive.

It is so ordered.