UNITED STATES of America,
Plaintiff,

v.

In re SEIZURE OF ONE BLUE NISSAN SKYLINE AUTOMOBILE, AND ONE RED NISSAN SKYLINE, Defendant.

GT–A International, Ltd., Claimant.

Case No. 8:09–CV–01129–JHN–MLGx.

United States District Court,
C.D. California.

Feb. 1, 2010.

---

Frank D. Kortum, Office of U.S. Attorney, Los Angeles, CA, for Plaintiff.

Elon A. Pollack, Mandy Ann Edwards, Stein Shostak Shostak Pollack and Ohara, Los Angeles, CA, for Claimant.

### ORDER DENYING CLAIMANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

JACQUELINE H. NGUYEN, District Judge.

Claimant's Motion for Judgment on the Pleadings ("Motion") [Docket No. 16] came regularly for hearing on February 1, 2010. The Court has considered the pleadings filed by the parties in this matter and the

oral arguments presented during the hearing. The Motion is hereby DENIED.

# I.

## Background

Plaintiff United States of America filed its complaint on October 1, 2009, seeking forfeiture of Defendants (two Nissan Skyline vehicles) on the ground that Defendants were illegally imported. Claimant GT–A International ("Claimant") purchased Defendants prior to seizure and seeks their return.

On January 4, 2010, Claimant filed its Motion, seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On January 11, 2010, Plaintiff filed a Memorandum of Points and Authorities in Opposition to the Motion for Judgment on the Pleadings ("Opposition"). Claimant filed its reply on January 19, 2010.

# II.

## Discussion

Claimant moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, alleging that Plaintiff's failure to arrest Defendants and publish notice after filing the complaint deprives the Court of subject matter jurisdiction. As discussed below, the Court has subject matter jurisdiction, because Plaintiff eventually served a warrant for arrest, and Claimant had actual notice of the current action.

### A. Legal Standard

The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.,* 132 F.3d 526, 529 (9th Cir.1997). In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir.1994). A court should grant a motion for judgment on the pleadings only when the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999).

Finally, the court is not limited to consider only the pleadings. *Alonzo v. Chase Manhattan Bank, N.A.,* 25 F.Supp.2d 455, 457 (S.D.N.Y.1998). In assessing a motion for judgment on the pleadings where a party challenges subject matter jurisdiction, the court may consider extrinsic evidence. *Id.*

### B. Arrest Requirement

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern *in rem* forfeiture actions. Where the *res* is not real property, Rule G states, "the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control." Fed. R. Supp. Adm. & Maritime Claims G(3)(b)(I).

Here, Defendants are motor vehicles and thus not real properly. They also are in Plaintiff's control and custody. Rule G thus applies, and Plaintiff should have arrested Defendants. As of January 4, 2010 when Claimant filed its Motion, Plaintiff had yet to arrest Defendants. Mot. at 6. However, Plaintiff's Opposition filed January 11, 2010 states, "the government has in fact arrested the property." Opp'n at 2. It appears that between the time Claimant's Motion and Plaintiff's Opposition were filed, Plaintiff cured this procedural defect and arrested Defendants. *Id.* at 6.

The Supplemental Rules are silent as to the consequences of untimely arrest. However, in *United States v. 2,164*

*Watches,* 366 F.3d 767, 769–71 (9th Cir. 2004), the Ninth Circuit concluded that untimely but accomplished service of process in a civil forfeiture case did not mean the court lacked subject matter jurisdiction. Consistent with its jurisdiction, the court has discretion to conduct a prejudice inquiry and decide the consequences of untimely service. *Id.* at 772–73.

■■■ Under *2,164 Watches,* a court should consider the reason for the delay, whether claimant has suffered any prejudice, and what prejudice the plaintiff might suffer if the case were dismissed. *Id.* Here, the reason for Plaintiff's delay in arresting Defendants is unclear. However, there is no potential prejudice against Claimant, who has had notice of the proceedings. In contrast, Plaintiff stands to lose control and custody of evidence (Defendants) that it may need in the related criminal investigation. For these reasons, the Court has jurisdiction in this matter.[1]

### III.

### Conclusion

For the reasons stated, the Court hereby DENIES Claimant's Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

---

1. Plaintiff has not published notice to give other potential claimants the opportunity to file a claim. Rule G(4)(b)(v) states, "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." Here, Claimant had actual notice of this action and may not oppose forfeiture on the ground that Plaintiff failed to send the required notice.